FILED
AUG 28 2026
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (TOLEDO)**

**SARAH CARPENTER,** INDIVIDIVUALLY AND ON BEHALF OF **GRANT ACQUISITIONS MANAGEMENT LLC,**
Plaintiff,

JUDGE HELMICK

v.

**RHONDA L. BEST,** IN HER OFFICIAL AND PERSONAL CAPACITY AS MUNICIPAL COURT JUDGE;
**THE CLERK OF COURTS,** TIFFIN-FOSTORIA MUNICIPAL COURT, IN OFFICIAL AND PERSONAL CAPACITY;
**THE TIFFIN POLICE DEPARTMENT,** MUNICIPAL AGENCY;

MAG JUDGE CLAY

**THE CITY LAW DIRECTOR,** IN OFFICIAL AND PERSONAL CAPACITY,
Defendants.

**CASE NO:** 3:26CV2084
*(Clerk Will Stamp Here)*

**CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. §§ 1983, 1985**
*(JURY DEMAND ENDORSED HEREIN)*

**PRELIMINARY STATEMENT**

1. This is a civil rights action for declaratory, injunctive, and substantial compensatory damages brought pursuant to 42 U.S.C. §§ 1983 and 1985, and the Fourteenth Amendment Due Process Clause.
2. Plaintiff Sarah Carpenter, an LPN, holder of an MBA, and managing member of Grant Acquisitions Management LLC, brings this action to halt an unconstitutional, un-serviced eviction set-out scheduled for **August 31, 2026**.
3. This action arises out of a coordinated, retaliatory campaign executed under color of law by local municipal officials who have weaponized un-serviced judgments, suppressed vital video evidence, and operated within an administrative record system possessing admitted "zero audit trails" to insulate judicial misconduct and destroy Plaintiff's 12-year residential homestead and commercial social enterprise.

**JURISDICTION AND VENUE**

4. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343(a)(3)-(4).

5. Venue is proper in the Western Division of the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b) because all Defendants reside in this district and the events giving rise to the claims occurred in Tiffin, Seneca County, Ohio.

6. **Exhaustion of State Remedies:** Plaintiff has completely exhausted all available state-level remedies by bringing these constitutional record defects before the Supreme Court of Ohio in five (5) distinct actions. The state structure has systematically declined to intervene, leaving Plaintiff with no adequate remedy at law to halt the imminent destruction of her home and enterprise.

**PARTIES**

7. **Plaintiff Sarah Carpenter** is a resident of Tiffin, Ohio, operating Grant Acquisitions

Management LLC out of her home, housing vulnerable family members and animals, providing housing stabilization, vocational support, and Non-Emergency Medical Transportation (NEMT) for veterans and elderly individuals.
8. **Defendant Rhonda L. Best** is the sitting Municipal Court Judge for the Tiffin-Fostoria Municipal Court, sued in both her official and personal capacities.
9. **Defendant Clerk of Courts** is the administrative record-keeper for the Tiffin-Fostoria Municipal Court, sued in both official and personal capacities.
10. **Defendant Tiffin Police Department** is a municipal law enforcement agency, c/o Chief of Police, 51 E. Market Street, Tiffin, Ohio 44883.
11. **Defendant City Law Director** is the chief legal officer for the City of Tiffin, sued in official and personal capacities.

**STATEMENT OF FACTS**

12. Plaintiff has resided continuously in her home for 12 years. Following Plaintiff uncovering local police record tampering in February 2026, the City Law Director admitted in narrative emails that the city lacks mandatory latitude/longitude wireless caller tracking data.
13. Within six weeks, Plaintiff discovered via a USPS-mailed entry that a default eviction judgment had been entered against her without a single instance of lawful service or notice.
14. On April 29, 2026, Plaintiff filed **SCO Affidavit of Disqualification (AOD) 26-AD-095**. In direct violation of the automatic statutory stay under Ohio R.C. § 2701.03, Defendant Judge Best held a hearing the next day, April 30, 2026, to advance the eviction and reset a property set-out.
15. On May 5, 2026, Plaintiff filed **SCO AOD 26-AD-103**. On May 6, 2026, Defendant Judge Best held court to deny Plaintiff's Motion to Compel the production of metadata and authentication records.
16. The exact day Defendant Judge Best received digital notice of filed writs from the Supreme Court of Ohio, she physically stalked Plaintiff. Video evidence of this event was seized and suppressed by Officer Marquis of the Tiffin Police Department, who admitted the department keeps no audit trails or access logs for public records.
17. When Plaintiff filed for a Civil Stalking Protection Order (CSPO) against Judge Best, court and county staff suppressed the filing for 7 days, stalked Plaintiff on social media, and had the Tiffin Police Department attempt to intercept and intimidate Plaintiff at the police station the morning of the hearing.
18. On August 11, 2026, an independent Visiting Judge assigned to a parallel debt collection judgment case initiated by the same network of actors completely vacated a default judgment entered by Judge Best, issuing a binding journal entry finding a total and absolute absence of sufficient evidence.
19. In direct retaliation for this reversal, Defendant Judge Best has reactivated the void eviction docket, issuing a hard notice for a physical set-out from the property on **August 31, 2026**.

**QUANTIFIABLE FINANCIAL AND ENTERPRISE DAMAGES**

20. As a direct result of these synthetic, un-serviced state court judgments traversing into national credit repositories and second-tier tenant databases, Plaintiff's

commercial credit has been completely destroyed.

21. Plaintiff has been denied small business lending by over nine (9) separate commercial lenders and has received two (2) explicit Small Business Administration (SBA) loan rejections.

22. Consequently, Plaintiff was forced to surrender corporate equity to an outside partner and abandon vital portions of her veteran housing stabilization infrastructure. Plaintiff's business lost a verified, active commercial contract channel valued at a minimum of **$1,500,000.00 per year** due to this state-sponsored credit blockade.

**COUNT I: 42 U.S.C. § 1983 - DENIAL OF DUE PROCESS UNDER COLOR OF LAW**

23. Defendants entered a default judgment without service of process and subsequently held hearings and issued orders on April 30 and May 6 while statutorily stripped of jurisdiction under active Supreme Court stays, violating the Fourteenth Amendment.

**COUNT II: 42 U.S.C. § 1983 - FIRST AMENDMENT RETALIATION**

24. Defendants weaponized the eviction docket, suppressed video evidence, and issued the August 31 set-out notice as a direct, coordinated retaliation against Plaintiff for exercising her protected right to file Supreme Court Writs and a Civil Stalking Protection Order.

**COUNT III: 42 U.S.C. § 1985 - CONSPIRACY TO DEPRIVE CIVIL RIGHTS**

25. Defendants interlocked their municipal powers—the judge defying stays, the court staff delaying protection petitions, and the police department suppressing native video files—to achieve a singular unconstitutional goal: the physical and financial destruction of the Plaintiff.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff requests judgment against Defendants, jointly and severally:

1. An emergency Temporary Restraining Order halting the **August 31, 2026** eviction set-out.
2. A Federal Anti-Retaliation Conduct Mandate ordering all Defendants to cease extrajudicial contact or harassment.
3. Compensatory and actual damages for commercial revenue losses in an amount not less than **$1,000,000.00**.
4. Consequential damages for the specific lost service contract channel worth **$1,500,000.00 per fiscal year**.
5. Punitive damages against the individual Defendants in their personal capacities for malicious, reckless indifference to federal law.

Dated: August 28, 2026

Respectfully submitted,

Sarah R Carpenter

_______________________________

Sarah Carpenter, Plaintiff Pro Se

14 Rebecca St
Tiffin OH 44883