UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Sarah Carpenter,

Plaintiff,

v.

Rhonda L. Best, *et al.*,

Defendants.

Case No. 3:26-cv-2084

MEMORANDUM OPINION
AND ORDER

## I. INTRODUCTION AND BACKGROUND

Plaintiff Sarah Carpenter, who is proceeding without counsel, filed suit on behalf of herself and Grant Acquisitions Management, LLC, against Tiffin-Fostoria, Ohio Municipal Court Judge Rhonda L. Best, the Tiffin-Fostoria Municipal Court Clerk of Courts, the Tiffin Police Department, and the City Law Director.[1] (Doc. No. 1). She alleges Defendants have violated her constitutional rights by initiating eviction proceedings against her in retaliation for her efforts in "uncovering local police record tampering." (*Id.* at 2). Carpenter also contends Judge Best stalked her after Carpenter filed affidavits of disqualification with the Supreme Court of Ohio, seeking to remove Judge Best from presiding over her case. (*Id.*).

[1] As an initial matter, Carpenter may not bring any claims on behalf of Grant Acquisitions Management, LLC, because she is not a licensed attorney. *See, e.g., Olagues v. Timken*, 908 F.3d 200, 203 (6th Cir. 2018). Therefore, I dismiss all claims Carpenter attempts to assert on behalf of the LLC.

Carpenter seeks an emergency, *ex parte* temporary restraining order prohibiting Defendants from proceeding with the eviction, which currently is scheduled for August 31, 2026. (*Id.* at 3). Carpenter also filed an affidavit asserting the temporary restraining order must be issued without prior notice to Defendants because she believes Defendants will retaliate against her through "immediate extrajudicial retaliation, witness intimidation, and further destruction of evidence." (Doc. No. 3 at 1). Further, Carpenter asserts that advance notice would create "a substantial, unmanageable risk that [Defendants] will accelerate the [eviction] order, destroy my home, seize my animals, and disrupt my business headquarters before the court can docket my case." (*Id.*).

For the reasons stated below, I deny Carpenter's motion.

## II. STANDARD

The purpose of both a preliminary injunction and a temporary restraining order is to preserve the status quo until a trial on the merits or some other reasoned resolution of the dispute takes place. *See, e.g.*, *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 226 (6th Cir. 1996). The same standard generally applies to the issuance of preliminary injunctions and temporary restraining orders. *Northeast Ohio Coal. for Homeless & Serv. Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). To grant either form of injunctive relief, a court must consider: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent a stay; (3) whether granting the stay would cause substantial harm to others; and (4) whether the public interest would be served by granting the stay." *Id.* While these "are factors to be balanced, not prerequisites that must be met," *In re De Lorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985), "[t]he first factor is the most important." *Jones v. Caruso*, 569 F.3d 258, 265 (6th Cir. 2009) (citation and quotation marks omitted).

## III. Analysis

It is well settled that federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Further, there are circumstances in which a federal court must abstain from exercising jurisdiction over a plaintiff's claims. "[U]nder the abstention doctrine announced in *Younger v. Harris,* 401 U.S. 37 . . . (1971), when state proceedings are pending, principles of federalism dictate that the constitutional claims should be raised and decided in state court without interference by the federal courts." *Doscher v. Menifee Cir. Ct.*, 75 F. App'x 996, 997 (6th Cir. 2003) (citing *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 17 (1987)).

"*Younger* abstention applies when the state proceeding (1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982); *Kelm v. Hyatt,* 44 F.3d 415, 419 (6th Cir. 1995); and *Nilsson v. Ruppert, Bronson & Chicarelli Co.,* 888 F.2d 452, 454 (6th Cir. 1989)). While the *Younger* abstention doctrine arose in the context of criminal proceedings, the Supreme Court has extended that doctrine to state "civil enforcement proceedings" as well. *Carroll*, 139 F.3d at 1074. Federal courts "routinely hold that where a plaintiff is challenging an ongoing eviction proceeding, all three factors supporting abstention are present." *Jones v. TJK-ELS, Inc.*, No. 3:26-CV-066, 2026 WL 672924, at *1 (S.D. Ohio Mar. 10, 2026) (citing cases).

I conclude this Court must abstain from this case pursuant to *Younger*. The first two factors are easily met, as Carpenter acknowledges the eviction proceedings are ongoing, and "state housing matter[s]" implicate an important state interest. *Askew v. Ambrose*, No. 3:16-CV-798-CRS, 2017 WL 240086, at *3 (W.D. Ky. Jan. 19, 2017) (citing *Doscher*, 2003 WL 22220534, at *1).

A federal court should abstain if the plaintiff had an opportunity to pursue her federal claims in the state court proceedings. *Moore v. Sims*, 442 U.S. 415, 432 (1979). It is the plaintiff's "burden to

demonstrate that she is barred from presenting any federal claim that she may have in the state court proceedings." *Szarell v. Summit Cnty. Ct. of Common Pleas*, No. 5:18-CV-2975, 2019 WL 3946191, at *3 (N.D. Ohio Aug. 21, 2019) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14-15 (1987)). Carpenter has not alleged that she was barred from pursuing her constitutional claims in the eviction proceedings. Rather, Carpenter alleges she repeatedly raised her arguments in state court. (*See* Doc. No. 1 at 1).

Therefore, all three *Younger* factors have been satisfied, and this Court must abstain from interfering with Carpenter's ongoing state proceedings.

## IV. CONCLUSION

For the reasons stated above, I dismiss all claims *pro se* Plaintiff Sarah Carpenter asserts on behalf of Grant Acquisitions Management, LLC, and I deny Carpenter's motion for an *ex parte* temporary restraining order. (Doc. No. 1). Carpenter's motion to proceed *in forma pauperis*, (Doc. No. 2), is granted.

Further, I order that all proceedings in this case be stayed pending the conclusion of the state court proceedings in the Tiffin-Fostoria Municipal Court, including all appeals of the judgment in that case. *See Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010) ("In the context of a complaint seeking 'both equitable [relief] and money damages,'. . .'a federal court's discretion to abstain from exercising jurisdiction does not extend so far as to permit a court to dismiss or remand, as opposed to stay, an action at law.'") (quoting *Superior Beverage Co., Inc. v. Schieffelin & Co.*, 448 F.3d 910, 913-14 (6th Cir. 2006)).

This case is administratively closed, subject to reopening upon a written motion to reopen filed by Plaintiff demonstrating that her state court case and all appeals in that case have been resolved or concluded.

No claims or defenses are waived as a result of the stay. Because this case is stayed, from this point forward, the only motion that I will entertain is a motion to reopen that demonstrates that the state court case (including all appeals) has been resolved. Until a motion to reopen is granted, I will not consider any other filings, and the Clerk's Office is directed to return any documents submitted for filing other than a motion to reopen.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge